

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2003

# USA v. Schake

Precedential or Non-Precedential: Non-Precedential

Docket 02-1743

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Schake" (2003). *2003 Decisions*. Paper 839.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/839

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-1743

———————

UNITED STATES OF AMERICA

v.

THOMAS SCHAKE,
Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 92-cr-00168-1)
District Court Judge:  Honorable Thomas I. Vanaskie

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
on January 28, 2003
Before:  SLOVITER and RENDELL, Circuit Judges,
and DEBEVOISE, District Judge*

(Filed January 29, 2003 )

———————

OPINION OF THE COURT

———————

        Thomas Schake appeals the order of the District Court for the Middle District of

Pennsylvania denying his motion for post-conviction relief under 28 U.S.C. § 2255

———————————————

*The Honorable Dickinson R. Debevoise, Senior Judge, United States District Court for
the District of New Jersey, sitting by designation.
(1996).  Because we agree with the District Court that Schake has not substantiated his

charge of ineffectiveness of counsel, we will affirm.

## I. Background

In 1993, Schake was convicted of three counts of conspiring to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 2, 841, and 846.[1] Schake was convicted on the strength of his signed confession, obtained after he was fully advised of his rights, the testimony of a confidential informant, Agnes Alonso, who had purchased cocaine from Schake on numerous occasions, composite tapes made from a body recorder worn by Alonso during the drug sales, the testimony of two other law enforcement agents, and Schake's own testimony, during which he made a number of false and misleading statements, contradicted his own testimony at an earlier suppression hearing, and conceded that he had in fact sold cocaine to Alonso.

Schake filed motions for a new trial, which were denied. After sentencing, he appealed to this Court, arguing that the District Court had erroneously excluded evidence relevant to his entrapment defense, failed to recognize its authority to downward depart at sentencing, and, in a pro se brief, claiming judicial misconduct. We affirmed in a non-precedential opinion. United States v. Schake, 70 F.3d 1258 (3d Cir. 1995). Schake then filed a motion under section 2255, asserting a multitude of claims. The District Court granted Schake a hearing on the ineffective assistance of counsel claims and a claim of excessive fines, and rejected the other claims as lacking arguable merit. After the

---

[1]Schake's property was also subjected to criminal forfeiture, pursuant to 28 U.S.C. § 853 (1993).

evidentiary hearing, the District Court denied Schake's remaining claims and granted a

certificate of appealability with respect to both. Schake appeals the District Court's order

denying his claims of ineffective assistance.[2]

The District Court had jurisdiction under 28 U.S.C. § 2255 (2002), and we exercise

jurisdiction pursuant to 28 U.S.C. §§ 2253(a) and 2255 (2002). Because claims of

ineffective assistance of counsel present mixed questions of law and fact, our review is

plenary. United States v. Kauffman, 109 F.3d 186, 187 (3d Cir. 1997).

## II. Discussion

We agree with the District Court that Schake has failed to show how his trial

counsel's arguably deficient performance "prejudiced his trial to the extent that it

undermined confidence in the trial's outcome." Duncan v. Morton, 256 F.3d 189, 200 (3d

Cir.), cert. denied, 112 S. Ct. 269 (2001). Because we write only for the parties, and the

District Court's opinion is well-reasoned and exhaustive, we will restrict our discussion to

the pertinent points.

To prove ineffectiveness of counsel, Schake must show that his counsel "made

errors so serious that [he] was not functioning as the 'counsel' guaranteed by the Sixth

Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Schake identifies four

errors that he believes entitle him to relief: 1) counsel's advice that he needed to admit to

---

[2]Schake's counsel has filed opening and reply briefs; Schake himself has moved to proceed on appeal pro se and to file a supplemental brief and appendix. Since filing his briefs, Schake's counsel has moved to withdraw. We are granting these motions by separate orders.

one of the elements of the offenses charged in order to obtain a jury instruction on entrapment; 2) counsel's lack of diligence in reviewing the composite tapes of the drug transactions; 3) counsel's failure to object to the prosecutor's "bolstering" of the confidential informant through testimony that she had aided in securing the conviction of a co-conspirator; and 4) counsel's failure to call an exculpatory defense witness.

The District Court found that Schake's counsel was deficient in regard to his advice concerning the entrapment defense and his diligence in reviewing the tapes. Specifically, the Court found that counsel's failure to insure that he had copies of all of the original tapes and his ignorance of the holding in Mathews v. United States, 485 U.S. 58 (1988), that a defendant need not admit to any element of the crime in order to secure a jury instruction on entrapment, fell below an objective standard of reasonableness. The Court noted that Schake's decision to testify and to attempt to establish entrapment was a reasonable strategic move, but that counsel's advice that Schake needed to concede an element of the offense when he testified was objectively unreasonable.

However, having found a deficient performance, the Court went on to find that Schake had suffered no prejudice. Regarding the entrapment advice, the Court found that although Schake's concession of guilt subjected him to impeachment because it was contrary to his denial of guilt at an earlier suppression hearing, Schake was already subject to impeachment regarding his denial of guilt, because that denial was contrary to his written confession and the information revealed on the audiotapes. Further, Schake's credibility was undermined by his assertion that he had had a sexual relationship with Alonso, which

4

claim was soundly rebutted by the prosecution. Finally, although not necessary, Schake's concession made his entrapment defense more plausible than it would have otherwise seemed. Regarding the audiotapes, the Court found that there was no exculpatory material on the missed tapes, and that counsel had fought hard to have the tapes excluded, and presented evidence to correct the government's transcripts and to have the tapes interpreted in a favorable manner. Additionally, Schake himself had been given the opportunity to offer his own explanation of the events and interpretation of the tapes. The Court therefore found no prejudice.

Regarding the "bolstering" and the failure to call an exculpatory witness, the District Court found that counsel's performance was reasonable and reflected trial strategy. The Court found that counsel's failure to object to a single, brief question by the prosecutor regarding Alonso's role in the conviction of a co-conspirator was reasonable in light of counsel's fear that an objection would highlight the matter for the jury. The Court also found that counsel's failure to call that co-conspirator as a witness was also reasonable, as the co-conspirator was being prosecuted on drug charges at the time of Schake's trial and counsel feared he would be a reluctant witness. Furthermore, the supposedly exculpatory testimony consisted of nothing more than the co-conspirator's statement that Schake had no involvement in one of the transactions, a statement that was contradicted by the tapes, Alonso's testimony, and Schake's confession. Finally, Schake was allowed to testify that the co-conspirator had told Schake that he was solely responsible for the drug transaction in question.

5

Because we agree with the District Court that Schake has failed to show prejudice from his counsel's performance, we find it unnecessary to determine whether counsel's actions fell below an objective standard of reasonableness. Given the overwhelming evidence of Schake's guilt, as shown by Schake's confession, Alonso's testimony, the tapes, and Schake's own testimony, we cannot say that absent counsel's mistakes, the outcome of the trial would have been different. We will therefore affirm the District Court's order denying relief.

_____

TO THE CLERK OF COURT:

Please file the foregoing opinion.

 /s/ Marjorie O. Rendell
Circuit Judge

Dated:January 29, 2003